IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | :  |
| Plaintiff, | : Case No. 1:19-CR-129(2) |
| | : |
| | : Judge Susan J. Dlott |
| v. | : |
| | : **Order Denying Motion for** |
| Martez Brown, | : **Compassionate Release** |
| | : |
| Defendant. | : |

This matter is before the Court on Defendant Martez Brown's most recent Motion for Compassionate Release. (Doc. 137.) The Government responded in opposition. (Doc. 139.) For the reasons that follow, Brown's Motion will be **DENIED**.

I. **BACKGROUND**

On November 6, 2019, Brown, along with codefendants Jammell Johnson, and Michael Jointer, were indicted on charges related to the armed robbery of a restaurant. (Doc. 5.) Brown was charged with the following: (1) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a); (2) interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; (3) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2; and (4) possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 2. (Doc. 5.) The grand jury later returned a superseding indictment adding codefendant Dwayne Palmore. (Doc. 34.)

On December 21, 2020, Brown pled guilty to Count 1, conspiracy to interfere with commerce by robbery, and Count 3, use of a firearm during and in relation to a crime of violence. (December 21, 2020 Minute Entry.) On November 15, 2021, the Court sentenced

Brown on Count 1 to one day of imprisonment and on Count 3 to 74 months of imprisonment to run consecutive to the term of imprisonment imposed on Count 1. (Doc. 126.) Brown also received a sentence of five years of supervised release. (*Id.*) Counts 2 and 4 were dismissed on motion of the Government. (*Id.*) Brown is currently serving his sentence at Beckley FCI, and his projected release date is estimated to be July 23, 2025. (Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed March 7, 2024).)

On December 21, 2023, Brown filed a Motion for Compassionate Release. (Doc. 137.) The Government responded in opposition. (Doc. 139.) For the reasons that follow, Brown's Motion will be **DENIED**.

## II. STANDARD OF LAW

Brown seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). The Policy Statement set forth in U.S.S.G. § 1B1.13 was amended November 1, 2023 to include new circumstances that may constitute extraordinary and compelling reasons for relief, including the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Exhaustion of administrative remedies is a mandatory claims-processing rule. *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). This claims-processing rule "serves important purposes" including that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835. Any compassionate release motion filed less than 30 days after the warden receives a compassionate release request must be denied without prejudice when the exhaustion requirement is properly invoked. *Id.* at 834, 836.[1]

Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1107-1108 (6th Cir. 2020).[2] "Congress

---

[1] The Court cannot *sua sponte* enforce the exhaustion claims-processing rule. *See United States v. Miller*, No. 21-3311, 2021 WL 4467781, at *2 (6th Cir. Sept. 2, 2021) (finding procedural error when a district court *sua sponte* enforced the § 3582(c)(1)(a) claims-processing rule); *United States v. Rucker*, No. 20-5533, 2020 U.S. App. LEXIS 28048, at *3 (6th Cir. Sep. 2, 2020) ("Generally, exhaustion is an affirmative defense that should not be invoked sua sponte by the district court based on a failure to plead or attach exhibits proving exhaustion.")

[2] The Sixth Circuit determined in *Jones* in 2021 that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended § 1B1.13

3

did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. *See Hunter*, 12 F.4th at 564; *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

#### A. Exhaustion of Administrative Remedies

The Government asserts, and the Court agrees, that there is no evidence that Brown exhausted his administrative remedies. On this basis, his Motion should be denied without prejudice. *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020).

---

effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

## B. No Extraordinary and Compelling Reason for Release

Even if considered on the merits, Brown has not met his burden to demonstrate an extraordinary and compelling reason for his release. Under U.S.S.G. § 1B1.13(b)(3)(C), "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute an extraordinary and compelling reason for release. Here, Brown asserts that his mother is suffering from brain aneurysms and has lost vision in her left eye and hearing in her left ear. (Doc. 137 at PageID 740.) While these are serious medical conditions, Brown has not substantiated her conditions with any medical records. He also has not demonstrated the conditions have resulted in his mother's incapacitation.

Further, Brown asserts that his sister is primarily caring for his mother, but it is a large burden to shoulder alone and he wishes to provide additional support. (*Id.*) In addition to his sister, Brown described that his mother now resides with his grandmother.[3] (*Id.*) Defendant's sister submitted a letter to the Court supporting Brown's request for relief. (*Id.* at PageID 742.) The Court is very sympathetic to Brown's mother's health issues and his sister and grandmother bearing significant responsibility in caring for her. However, as Brown's mother has family members who are capable and currently providing such care, Brown has not demonstrated that he would be the "sole caregiver" such that it would constitute and extraordinary and compelling reason for his early release. As this is the case, Brown's early release is not justified on the basis of being the sole caregiver for an incapacitated parent. A similar request for release was denied on these grounds in *United States v. Hunter*, No. 3:06-cr-61-1, 2024 WL 169120, at *3 (S.D. Ohio Jan. 16, 2024) (no extraordinary and compelling reason for release to be sole caregiver of a parent where defendant failed to submit information substantiating the parent's health issues or

---

[3] He also identified two brothers who are not currently helping care for his mother.

5

that he would be the sole caregiver). For these reasons, Brown has not demonstrated an extraordinary and compelling reason for his release.[4]

### C. 18 U.S.C. § 3353(a) Factors Do Not Support Early Release

Even if Brown had demonstrated an extraordinary and compelling reason, the sentencing factors do not weigh in favor of early release. Among the 18 U.S.C. § 3553(a) factors to be considered are the nature and characteristics of the defendant's offense; the defendant's criminal history; the need for the sentence imposed to reflect the seriousness of the defendant's conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted sentencing disparities. The Court thoroughly considered these factors at the time of sentencing and its conclusions have not changed.

As to the first factor, the nature and characteristic of the offense, Brown was convicted of two serious offenses: conspiracy to interfere with commerce by robbery and use of a firearm during and in relation of a crime of violence. Brown admitted in his Statement of Facts to the Plea Agreement that he conspired with others to rob a WingStop restaurant in the Cincinnati, Ohio area. (Doc. 69 at PageID 244.) Brown brandished a firearm during the commission of the robbery and assisted in unlawfully taking $2,652.63 from the cash register. (*Id.* at PageID 244–245.) In addition, Brown drove the getaway car, discarded his firearm out the window of the vehicle, and fled from police who were in pursuit. (*Id.* at PageID 245.)

The instant offenses were not Brown's only crimes of violence. Brown has a history of violence and his criminal history demonstrates that he has committed several previous offenses, including committing violent offenses while on parole for other violent offenses. The Court does

---

[4] Brown also mentions his efforts at rehabilitation and desire to move forward with his life. The Court commends him on these efforts. Rehabilitation is exactly what a sentencing judge hopes for a defendant to achieve. However, rehabilitation alone is not considered an extraordinary and compelling reason for release. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022).

6

not consider this criminal history lightly and finds that the nature and characteristic of Brown's instant offenses, combined with a significant history of crimes of violence, weigh against early release.

These factors contribute to the Court's conclusion as to the third and fourth factors. The seriousness of the crimes, as well as a criminal history that includes several crimes of violence, remind the Court of its concern with Brown being a repeat offender and that it finds the need to protect the public from further crimes. Although the Court is aware of the difficulties Brown faced in the past, it remains concerned about Brown's history of criminal violence, and therefore finds that the factors do not justify a lesser sentence.

Based on the nature of the offense, the safety of the community is a high priority in this case. The Court remains concerned that Brown poses an ongoing risk to the community, particularly given that Brown has a long history of disregard for the law. Brown's sentence was thoroughly considered. Releasing Brown early would undermine his sentence and create sentencing disparities amongst other similarly-situated offenders. For these reasons, the sentencing factors do not weigh in favor of compassionate release.

## IV. CONCLUSION

The Court is sympathetic for Brown's mother's health challenges as he described them, and for the responsibility borne by his family, especially his sister and grandmother, in caring for her. However, for the reasons stated herein, Brown's Motion for Compassionate Release (Doc. 137) is **DENIED**.

**IT IS SO ORDERED.**

_Susan J. Dlott_
Susan J. Dlott
United States District Judge